MARGARET W. GALBREATH HENDRICKSON (FORMERLY MARGARET W. GALBREATH), FORMERLY ADMINISTRATRIX OF THE ESTATE OF HUGH J. GALBREATH, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET W. GALBREATH HENDRICKSON, FORMERLY MARGARET W. GALBREATH, ALLEGED TRANSFEREE OF THE ASSETS OF THE ESTATE OF HUGH J. GALBREATH, DECEASED, AND OF THE ESTATE OF W. C. THOMAS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET W. GALBREATH HENDRICKSON (FORMERLY MARGARET W. GALBREATH), ALLEGED TRUSTEE-GUARDIAN OF MARY MARGARET GALBREATH AND ALLEGED TRANSFEREE OF ASSETS OF THE ESTATE OF HUGH J. GALBREATH, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARGARET W. GALBREATH HENDRICKSON (FORMERLY MARGARET W. GALBREATH), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF MARY MARGARET DOBSON, NEE GALBREATH, TRANSFEREE, P. T. LOVE, GUARDIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 109045, 109046, 109047, 109048, 109084, 110818.

Promulgated October 23, 1944.

*George E. H. Goodner, Esq.*, for the petitioners.
*R. E. Maiden, Esq.*, for the respondent.

**OPINION.**

VAN FOSSAN, *Judge*: In these cases the question is whether any of the petitioners are liable for unjust enrichment taxes on payments made to Mrs. Galbreath. Since she returned the amounts received as income in the years of receipt, there is no question of income tax. The respondent claims the unjust enrichment tax under section 501 (a) (2) of the Revenue Act of 1936.[1]

It may be stated at the outset that petitioners do not contend that the partnership absorbed the tax and did not shift the burden to its

---

[1] SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

* * * * * * *

(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

vendees. Some proof to this end was introduced, but it covered only part of the critical period, this fact apparently accounting for the absence of any argument on brief that the partnership absorbed the tax.

Addressing ourselves to Docket No. 109045, it will be found respondent undertakes to fix liability on the estate of Galbreath for three-fourths of the deficiency in unjust enrichment tax and penalty, three-fourths being the share of the partnership owned by Galbreath during his lifetime. He points out that during its existence and prior to January 6, 1936 (the date of the decision of the Supreme Court in *United States* v. *Butler*, 297 U. S. 1) the partnership purchased flour from certain millers at prices which included the burden of the processing tax imposed on millers by the Agricultural Adjustment Act, as amended, on the processing of flour from wheat; that on the invalidation of the tax feature of the Adjustment Act there accrued to the partnership the right to make claim for reimbursement of the illegal taxes so exacted by the millers, which right matured into actual reimbursement during 1936 and 1937, after the dissolution of the partnership.

Respondent points out further that on the dissolution of the partnership, occasioned by the death of Galbreath on June 11, 1936, the legal title to this right to reimbursement passed to his administratrix and to Thomas, the surviving partner, in proportion to their respective interests. He contends that the three-fourths interest thus vested in Mrs. Galbreath as administratrix.

It is necessarily implicit in respondent's argument that, when the reimbursements were actually made by the millers, they were paid to and received by Mrs. Galbreath as administratrix as to three-fourths thereof and as the purchaser of Thomas' interest as to the one-fourth formerly owned by him and sold to Mrs. Galbreath on November 30, 1936. In these premises respondent contends that the estate received unjust enrichment net income, is responsible for three-fourths of the deficiency in tax, and, having failed to account therefor and file a return, is liable for the penalty, all in the absence of proof that the partnership did not shift the burden to its vendees. As to the remaining one-fourth formerly owned by Thomas, respondent contends that Mrs. Galbreath stepped into Thomas' shoes and, therefore, received a share of the reimbursement due him in her own right, with attending liability to account therefor.

In reply to the above contention of the respondent, petitioner submits that the estate of Galbreath was never in business, never in partnership, never purchased any flour, never received any reimbursements, and never assumed any liability for unjust enrichment taxes and penalties. To be liable for the tax provided by the quoted section, it is necessary that the person charged shall fit into the language of

the statute. When we attempt to do this, we find the facts standing as a complete bar to liability of the estate. The argument advanced by the petitioner is well supported by the facts. It is true that the estate was never in business or in partnership, had no dealings with vendors, never purchased any flour, or received any reimbursements, never assumed any liability for such taxes, and had no net income from such source. In the face of these facts, to hold the estate liable would be to erect a structure solely from assumptions and implications. Such action is not justified. We may thus dispose of Docket No. 109045.

In Docket No. 109046 the respondent determined the deficiencies against Mrs. Galbreath individually on the ground that the reimbursements were received by her "under a claim of right and without restriction as to their disposition." What has been said above as to the necessity for fitting the person charged with the taxes into the statute and our inability to do this as respects the estate of Galbreath all is equally pertinent here. The mere fact that Mrs. Galbreath received the money in some capacity, the exact nature of which appears only by inference, does not make her liable for unjust enrichment taxes. The fact that she received the reimbursements "under a claim of right and without restriction as to their disposition," if assumed, does not overcome the weight of all contrary facts in the situation. It is impossible on the facts to fit her individually into the statute.

In Docket No. 109047 respondent proposed the assessment of the same deficiencies shown in Docket No. 109045 against Mrs. Galbreath as her personal liability as fiduciary of the estate of Galbreath, under section 3467, Revised Statutes, as amended, and also as transferee of the assets of said estate and of the estate of Thomas. It goes without saying that if there was no liability against the estate of Galbreath, as we have held above, that estate could pass on no liability to its fiduciaries or its transferees. Little else need be said to dispose of the contentions advanced in support of this proposed action. Since the estate in its own capacity had no liability, it could transmit none to its fiduciary or to the transferee of its assets.

In Docket No. 109048 respondent proposes to assess against Mrs. Galbreath as trustee-guardian for her daughter and transferee of the assets of the estate of Galbreath the same unjust enrichment tax under consideration in Docket No. 109045. For reasons given above in the immediately preceding docket number, we hold there is no liability on the part of Mrs. Galbreath as trustee-guardian for her daughter. Before there could be a liability against Mrs. Galbreath as trustee-guardian it would be necessary for there to be a liability on the part of the daughter as transferee of the assets of the Galbreath estate. Since, as we have found, there is no liability on the part of the estate,

there is no liability on the part of the daughter as transferee of the assets.

A similar disposition on similar reasoning applies in the case of Docket No. 110818, wherein respondent proposed to assess against the estate of Mary Margaret Dobson, nee Galbreath, transferee, P. T. Love, guardian, as transferee of the assets of the Galbreath estate. No additional argument is necessary to dispose of that proceeding.

The sole remaining docket is No. 109084, which respondent concedes is a duplicate of part of the deficiency found in Docket No. 109046 and as to which he determined a liability on the part of Mrs. Galbreath as the purchaser of the interest of Thomas in the Galbreath Bakery. For reasons appearing above, which need not be restated, there is no liability on the part of Mrs. Galbreath as such purchaser.

Respondent points to the fact that Mrs. Galbreath received the reimbursements and converted them to her own use and on this basis argues that she must account for the same in some capacity. We have pointed out that this is a statutory tax and to be liable a person must fit the statutory picture. There is no authority in this Court to stretch the statute so as to encompass an individual who has received payments purporting to represent reimbursements, but who does not otherwise fit into the statutory frame. Since there was no liability for the tax, there are no penalties.

Reviewed by the Court.

> *Decisions for the petitioner will be entered in Docket Nos. 109045, 109046, 109047, and 109084. Decision of no liability as fiduciary and no transferee liability will be entered in Docket No. 109047. Decisions of no transferee liability will be entered in Docket Nos. 109048 and 110818.*

BLACK, HILL, KERN, and OPPER, *JJ.*, dissent.